# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

ROYLAND KICKLIGHTER, )
 )
    Movant, )
 )
v. ) Case No. CV607-043
 ) [Underlying CR605-034]
UNITED STATES OF AMERICA, )
 )
    Respondent. )

## **REPORT AND RECOMMENDATION**

This 28 U.S.C. § 2255 case is on remand from the Eleventh Circuit Court of Appeals, which instructed this Court to conduct a hearing to make further factual findings regarding two issues: (1) whether movant is entitled to equitable tolling of the § 2255 statute of limitations because of his attorney's misconduct, or (2) whether his § 2255 motion was timely under 28 U.S.C. § 2255(f)(4). (Doc. 20.)

The Court scheduled an evidentiary hearing for January 6, 2009. At the outset of the hearing, counsel for movant, John

Cullum, advised that during his review of the underlying criminal case file he had discovered an undocketed paper on the left side of the file that he interpreted as a timely-filed notice of appeal. The government indicated that it was unaware of this document. The Court then recessed the proceedings so that the Savannah Clerk's office could fax the document to the Statesboro courthouse where the hearing was convened. In that document, which was addressed to the Clerk of Court and stamped "received" on May 4, 2006, Kicklighter stated as follows:

> I have asked my attorney David Pittman of Vidalia, GA, to file my appeal which I understand that I only have 10 days to adress [sic]. Since I have not been able to contact my attorney since my court date, I am very concerned about my right to appeal. . . . Please advise the Court of my wish to appeal my sentence so that I can protect my right should my attorney fail to act on my behalf. I would appreciate a response so that I will know my rights have been protected.

(undocketed document in CR605-34).

After reviewing the document, government counsel conceded that, in his view, this submission constituted a proper notice of

appeal.[1] The government further conceded that since this document had been received by the Clerk within ten days after the entry of the judgment by the sentencing judge, the notice had been timely filed under Fed. R. App. P. 4(b)(1).[2] Government counsel also acknowledged that during the sentencing proceeding the district judge not only advised movant of his appellate rights but explained that he could prepare and file the notice of appeal without the assistance of counsel. Indeed, the transcript of the

---

[1] Federal Rule of Appellate Procedure 3(c)(4) provides that an appeal should not be dismissed for "informality of form or title of the notice of appeal." Furthermore, the Eleventh Circuit allows a court to construe letters like Kicklighter's as notices of appeal. United States v. Ward, 696 F.2d 1315, 1318 (11th Cir. 1983) ("Under a liberal reading of Fed. R. App. P. 3(c)," a timely letter written by appellant to the district court "in which he expresse[s] an intent to appeal his conviction" will satisfy the requirements of the rule.). See also 16A Charles Alan Wright et al., Federal Practice and Procedure § 3949.6 (4th ed. 2008) ("The consensus seems clearly to be that if a party has failed to abide by the simple requirement of filing a notice of appeal with the clerk, an effective substitute demands some sort of paper or entry on the written record that might reasonably be construed as a notice of appeal and that in fact gives adequate notice to the courts and the other parties as to the appeal from a particular judgment.") See also United States v. Whitaker, 722 F.2d 1533 (11th Cir. 1984).

[2] Rule 4(b)(1) provides that a defendant's notice of appeal in a criminal case must be filed within 10 days after the entry of the sentencing court's judgment. In this case, the judgment was entered on April 26, 2006. CR605-34 (Doc. 31). Thus, the deadline for filing a notice of appeal was May 10, 2006. Fed. R. App. P. 26(a)(2) (stating that in computing time, intermediate weekends should be excluded "when the period is less that 11 days"). The Clerk received Kicklighter's submission on May 4, 2006, which was within 10 *calendar* days of the entry of the judgment. His notice of appeal, therefore, was timely filed.

sentencing hearing reflects that in addition to advising Kicklighter that his trial counsel would file a notice of appeal and serve as appellate counsel for him, the district judge also informed movant that he had the right to hire substitute counsel at his own expense, "[o]r if he so request[ed], the Clerk of Court [would] prepare and file a notice of appeal on his behalf." (Sent. Hrg. Tr. 21.)

After carefully considering this matter, the Court agrees with the parties' assessment that the document that movant's counsel located in the file should properly be construed as a timely-filed notice of appeal. The Clerk's failure to enter the document onto the docket and to serve the parties with the notice does not render the notice of appeal ineffective. See Williams v. General Motors Corp., 656 F.2d 120, 125 (11th Cir. 1981) ("[T]he assignment of a docket number to an appeal is a ministerial, reflexive act performed by the Clerk '(u)pon receipt of the copy of the notice of appeal and of the docket entries,' Fed. R. App. P. 12(a); it does not affect federal appellate jurisdiction."); Silverton v. Valley Transit Cement Company, 237 F.2d 143, 143 (9th Cir. 1956) ("[R]eceipt by the clerk

4

or a deputy" of a notice of appeal is "all that is required to establish jurisdiction in [the appellate] court.").

As Kicklighter's notice of appeal was timely and properly filed, he is entitled to a direct appeal of his conviction and sentence. Therefore, the Clerk is hereby **DIRECTED** to ensure that the document at issue is properly entered into the record, assigned a document number, and labeled as a notice of appeal received May 4, 2006. The Clerk should otherwise comply with the procedures for serving the parties and notifying the Court of Appeals, which are set forth in Fed. R. App. P. 3(d), as well as any other procedures that are customarily applied upon the receipt of a timely notice of appeal. The Clerk's tardiness in serving the notice on the parties "does not affect the validity of [movant's] appeal." Fed. R. App. P. 3(d)(3).

Additionally, attorney John Cullum, who was appointed to represent movant at the § 2255 hearing, will remain as counsel to handle any direct appeal and will continue to represent movant in his efforts to persuade the government to file a Rule 35 motion on his behalf.

The Eleventh Circuit's instructions to this Court were to hold an evidentiary hearing in order to make certain factual determinations essential to gauging the timeliness of Kicklighter's § 2255 motion. Clearly, the Eleventh Circuit's instructions were based on the assumption that no direct appeal had been perfected. In light of movant's showing that he is entitled to a direct appeal, however, any issues as to timeliness of his § 2255 motion are now moot.[3] "'A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot.'" United States v. Khoury, 901 F.2d 948, 969 n.20 (11th Cir. 1990) (quoting Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988)); McIver v. United States, 307 F.3d 1327, 1332 n.2 (11th Cir. 2002) ("clear precedent of this Court directs that collateral claims should not be entertained while a direct appeal is pending."). Accordingly, movant's 28 U.S.C. § 2255

---

[3] After it became apparent that Kicklighter was entitled to a direct appeal and that his § 2255 motion was prematurely filed, the parties agreed with the Court's assessment that there was no need to proceed with the scheduled evidentiary hearing addressing the timeliness of his §2255 motion.

motion should be **DISMISSED** without prejudice so that he can proceed with his direct appeal.

**SO REPORTED AND RECOMMENDED** this <u>12th</u> day of January, 2009.

<u>G.R. SMITH</u>
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**