# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | | |
|---|---|---|---|
| ROYLAND KICKLIGHTER, | ) | | |
| | ) | | |
| Movant, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV611-062 |
| | ) | | CR605-034 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **REPORT AND RECOMMENDATION**

Royland Kicklighter has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal prison sentence. (Doc. 1.[1]) According to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a judge "must dismiss the motion" when it "plainly appears from the motion . . . that the moving party is not entitled to relief." Kicklighter's motion is untimely and warrants Rule 4 dismissal.

---

[1] Unless otherwise noted, citations are to the docket in Kicklighter's civil § 2255 case, number CV611-062. "Cr. doc." refers to documents filed under her criminal case, CR605-034. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2255 to require a movant to file a § 2255 motion within one year of the date his judgment of conviction becomes final. 28 U.S.C. § 2255 (f)(1). Here, Kicklighter appealed his sentence after entering a plea of guilty to distribution of methamphetamine.[2] *United States v. Kicklighter*, 346 F. App'x 516 (11th Cir. 2009). The appeal was decided on September 28, 2009, but he did not file a petition for certiorari with the Supreme Court. (Doc. 1 at 2.) Hence, his conviction became "final" when the time for filing a certiorari petition expired. *Clay v. United States*, 537 U.S. 522, 524-25 (2003) ("For the purposes of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); *see Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 685 (2009) (applying same principle in the 28 U.S.C. § 2254 context). Kicklighter was entitled to petition for certiorari within 90 days of the

---

[2] Kicklighter filed an earlier § 2255 motion, but it was dismissed when the Court discovered that he had filed a valid notice of appeal that had never been docketed. *See Kicklighter v. United States*, No. CV607-043, doc. 40 at 6-7 (S.D. Ga. Jan. 12, 2009). Kicklighter's appeal went forward from there.

entry of the judgment against him by the Eleventh Circuit. Sup. Ct. R. 13.1. Hence, his conviction became "final" on December 28, 2009, 90 days after the Eleventh Circuit's mandate.[3] He had one year from that date to file his § 2255 motion. He did not file his motion, however, until late May 2011, nearly a year-and-a-half later.

Kicklighter contends that since he first submitted his § 2255 motion, *along with a motion to seal it*, on October 4, 2010 (doc. 1 at 10), his motion was *filed* on that date. (*Id.*) He is mistaken. Under this Court's local rules,[4] if a motion to seal is denied, the matter the movant sought to seal is not treated as filed. S.D. Ga. LR 79.7.[5] This is necessary so that the movant can make an informed decision whether or not to

---

[3] The ninetieth day fell on December 27, 2009, a Sunday. Accordingly, Kicklighter had until Monday, December 28, 2009, to file his petition for certiorari. Sup. Ct. R. 30.

[4] While Kicklighter is proceeding *pro se*, he is subject to "the relevant law and rules of court," including this Court's local rules. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

[5] A person desiring to seal a document must submit a motion to seal along with the document he hopes to have sealed. S.D. Ga. LR 79.7. If the motion is granted, the underlying document will be filed as a sealed matter. *Id.* Otherwise, the document to be sealed is never filed. Instead, it is returned to the movant. *Id.* The movant is faced with a choice. He may choose to drop the matter, or he may file it "in the normal course" -- i.e., unsealed. *Id.* Kicklighter did not make his election until May 28, 2011, long after the limitations period for filing a § 2255 motion had passed.

proceed with the sensitive matter unsealed. He may choose to continue with the matter open to public review, or he may drop it entirely. Here, Kicklighter's motion to seal was denied on November 1, 2010. (Cr. doc. 78.) On that same day, the Clerk returned his § 2255 motion to him along with a copy of Local Rule 79.7, which provides that upon the denial of a motion to seal the Clerk must return the papers to the person who submitted them, giving them "the option of filing the papers in the normal course." LR 79.7(c).[6] Kicklighter signed the present § 2255 motion on May 28, 2011, the motion was postmarked May 31, 2011, and it was received by the Clerk on June 3, 2011. (Doc. 1.) Each of those dates is well outside the one-year limitations period, which expired on December 28, 2010. Since Kicklighter's own lack of diligence caused the late filing, he may not now claim that the limitations period is subject to equitable tolling.[7]

---

[6] The form was mailed to him at FCI Otisville in New York, where he is still incarcerated.

[7] The AEDPA period of limitation may be subject to equitable tolling only in cases "when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Downs v. McNeil*, 520 F.3d 1311, 1319 (11th Cir. 2008) (*quoting Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)). The movant, who bears the burden of establishing equitable tolling, must demonstrate: "(1) that he has been pursuing his rights diligently, and

4

For all of the reasons explained above, Kicklighter's § 2255 motion (doc. 1) should be **DENIED** as untimely. Moreover, applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 9Th day of June, 2011.

```
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
```

---

(2) that some extraordinary circumstance stood in his way and prevented timely filing." *Johnson v. Fla. Dep't of Corrs.*, 513 F.3d 1328, 1333 (11th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). "'Equitable tolling is an extraordinary remedy that must be applied sparingly' for '[a] truly extreme case.'" *Melson v. Allen*, 548 F.3d 993, 1001 (11th Cir. 2008) (citing *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008) (per curiam)).